## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SINGLEOPS, LLC,

    Plaintiff,

v.

SEAN ADAMS, an individual, and
SERVICETITAN, INC., a Delaware
Corporation,

    Defendants.

Civil Action No.
1:20-CV-04701-MLB

JURY TRIAL DEMANDED

## ANSWER TO COMPLAINT

COMES NOW, Defendant ServiceTitan, Inc. ("Defendant"), by and through its undersigned counsel, and hereby files this Answer to Plaintiff SingleOps, LLC's ("Plaintiff') Complaint ("Complaint"), showing Your Honor as follows:

## THE PARTIES

1.    Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 1 of the Complaint and accordingly denies the same.

2.      Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 2 of the Complaint and accordingly denies the same.

3.      Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 3 of the Complaint and accordingly denies the same.

4.      Upon information and belief, admitted.

5.      Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 5 of the Complaint and accordingly denies the same.

6.      Admitted.

7.      Admitted.

8.      Denied.

9.      Denied.

## SUBJECT MATTER JURISDICTION

10.     Paragraph 10 of the Complaint states a legal conclusion and as such, no response is required.

## PERSONAL JURISDICTION

11.     Defendant lacks sufficient information and knowledge to admit or deny the allegation contained in Paragraph 11 of Plaintiff's Complaint, and therefore, denies the same.

12.     Defendant lacks sufficient information and knowledge to admit or deny the allegation contained in Paragraph 12 of Plaintiff's Complaint, and therefore, denies the same.

13.     Defendant lacks sufficient information and knowledge to admit or deny the allegation contained in Paragraph 13 of Plaintiff's Complaint, and therefore, denies the same.

14.     Defendant lacks sufficient information and knowledge to admit or deny the allegation contained in Paragraph 14 of Plaintiff's Complaint, and therefore, denies the same.

15.     Defendant lacks sufficient information and knowledge to admit or deny the allegation contained in Paragraph 15 of Plaintiff's Complaint, and therefore, denies the same.

16.     Defendant lacks sufficient information and knowledge to admit or deny the allegation contained in Paragraph 16 of Plaintiff's Complaint, and therefore, denies the same.

17.     Defendant lacks sufficient information and knowledge to admit or deny the allegation contained in Paragraph 17 of Plaintiff's Complaint, and therefore, denies the same.

18.     Defendant lacks sufficient information and knowledge to admit or deny the allegation contained in Paragraph 18 of Plaintiff's Complaint, and therefore, denies the same.

19.     Defendant lacks sufficient information and knowledge to admit or deny the allegation contained in Paragraph 19 of Plaintiff's Complaint, and therefore, denies the same.

20.     The allegations in Paragraph 20 state a legal conclusion and as such, no response is required.

21.     Defendant states that the allegations regarding specific personal jurisdiction constitute a legal conclusion and as such, no response is required.  Defendant denies the remaining allegations of Paragraph 21.

22.     Defendant admits that its website states that its Atlanta office opened in July 2017.  Defendant denies the remaining allegations in Paragraph 22 of Plaintiff's Complaint.

23.     Denied, as stated.  To the extent that Paragraph 23 references documents, those documents speak for themselves.

24.     Denied.

25.     Denied.

26.     Denied.

## **VENUE**

27.     Paragraph 27 states a legal conclusion to which no response is required. To the extent that Paragraph 27 suggests that Plaintiff suffered any damages caused by Defendant, it is explicitly denied.

## **FACTUAL ALLEGATIONS**

28.     Defendant lacks sufficient information and knowledge to admit or deny the allegation contained in Paragraph 28 of Plaintiff's Complaint, and therefore, denies the same.

29.     Denied.

30.     Defendant lacks sufficient information and knowledge to admit or deny the allegation contained in Paragraph 30 of Plaintiff's Complaint, and therefore, denies the same.

31.     Defendant lacks sufficient information and knowledge to admit or deny the allegation contained in Paragraph 31 of Plaintiff's Complaint, and therefore, denies the same.

32.     Defendant lacks sufficient information and knowledge to admit or deny the allegation contained in Paragraph 32 of Plaintiff's Complaint, and therefore, denies the same.

33.     Defendant lacks sufficient information and knowledge to admit or deny the allegation contained in Paragraph 33 of Plaintiff's Complaint, and therefore, denies the same.

34.     Defendant lacks sufficient information and knowledge to admit or deny the allegation contained in Paragraph 34 of Plaintiff's Complaint, and therefore, denies the same.

35.     Defendant lacks sufficient information and knowledge to admit or deny the allegation contained in Paragraph 35 of Plaintiff's Complaint, and therefore, denies the same.

36.     Defendant lacks sufficient information and knowledge to admit or deny the allegation contained in Paragraph 36 of Plaintiff's Complaint, and therefore, denies the same.

37.     Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 37 of Plaintiff's Complaint, and therefore, denies the same.

38.     Upon information and belief, admitted.

39.        Upon information and belief, admitted.

40.        Upon information and belief, admitted.

41.        Upon information and belief, admitted.

42.        Defendant admits Sean Adams began his employment with ServiceTitan on September 28, 2020.  Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 42 of Plaintiff's Complaint, and therefore, denies the same.

43.     Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 43 of Plaintiff's Complaint, and therefore, denies the same.

44.     Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 44 of Plaintiff's Complaint, and therefore, denies the same.

45.     Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 45 of Plaintiff's Complaint, and therefore, denies the same.

46.     Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 46 of Plaintiff's Complaint, and therefore, denies the same.

47.     Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 47 of Plaintiff's Complaint, and therefore, denies the same.

48.     Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 48 of Plaintiff's Complaint, and therefore, denies the same.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 52 of Plaintiff's Complaint, and therefore, denies the same.

53.     Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 53 of Plaintiff's Complaint, and therefore, denies the same.

54.     Denied.

55.     Denied.

56.     Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 56 of Plaintiff's Complaint, and therefore, denies the same.

57.     Denied.

58.     Denied.

## COUNT I: VIOLATION OF THE DEFEND TRADE SECRETS ACT AGAINST ALL DEFENDANTS

59.     Defendant re-asserts and re-incorporates its responses to Paragraphs 1 through 56 of Plaintiff's Complaint, as if fully set forth herein.

60.     The allegations in Paragraph 60 constitute a legal conclusion and as such, no response is required.

61.     With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 61 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 61 of Plaintiff's Complaint, and therefore, denies the same.

62.     Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 62 of Plaintiff's Complaint, and therefore, denies the same.

63.     Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 63 of Plaintiff's Complaint, and therefore, denies the same.

64.     Denied.

65.     With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 65 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 65 of Plaintiff's Complaint, and therefore, denies the same.

66.     Denied.

67.     With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 67 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 67 of Plaintiff's Complaint, and therefore, denies the same.

## COUNT II – MISAPPROPRIATION OF TRADE SECRETS UNDER THE NEW JERSEY TRADE SECRETS ACT AGAINST ALL DEFENDANTS

68.     Defendant re-asserts and re-incorporates its responses to Paragraphs 1 through 67 of Plaintiff's Complaint, as if fully set forth herein.

69.     Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 69 of Plaintiff's Complaint, and therefore, denies the same.

70.     With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 70 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 70 of Plaintiff's Complaint, and therefore, denies the same.

71.     Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 71 of Plaintiff's Complaint, and therefore, denies the same.

72.     With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 72 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 72 of Plaintiff's Complaint, and therefore, denies the same.

73.     Denied.

74.     Denied.

75.     With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 75 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 75 of Plaintiff's Complaint, and therefore, denies the same.

76.     With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 76 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 76 of Plaintiff's Complaint, and therefore, denies the same.

## COUNT III – VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT AGAINST ALL DEFENDANTS

77.     Defendant re-asserts and re-incorporates its responses to Paragraphs 1 through 76 of Plaintiff's Complaint, as if fully set forth herein.

78.     Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 78 of Plaintiff's Complaint, and therefore, denies the same.

79.     Denied.

80.     With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 80 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 80 of Plaintiff's Complaint, and therefore, denies the same.

81.     With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 81 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 81 of Plaintiff's Complaint, and therefore, denies the same.

## COUNT IV – BREACH OF CONTRACT AGAINST DEFENDANT ADAMS (NEW JERSEY LAW)

82.     Defendant re-asserts and re-incorporates its responses to Paragraphs 1 through 81 of Plaintiff's Complaint, as if fully set forth herein.

83.     Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 83 of Plaintiff's Complaint, and therefore, denies the same.

84.   Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 84 of Plaintiff's Complaint, and therefore, denies the same.

85.   Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 85 of Plaintiff's Complaint, and therefore, denies the same.

86.   Denied.

87.   Denied.

88.   With regard to Defendant ServiceTitan, it denies that Adams shared any information with it. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 88 of Plaintiff's Complaint, and therefore, denies the same.

89.   With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 89 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 89 of Plaintiff's Complaint, and therefore, denies the same.

90.    Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 90 of Plaintiff's Complaint, and therefore, denies the same.

91.    Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 91 of Plaintiff's Complaint, and therefore, denies the same.

92.    Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 92 of Plaintiff's Complaint, and therefore, denies the same.

93.    With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 93 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 93 of Plaintiff's Complaint, and therefore, denies the same.

94.    Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 94 of Plaintiff's Complaint, and therefore, denies the same.

## <u>COUNT V – TORTIOUS INTERFERENCE WITH CONTRACT</u>
## <u>AGAINST DEFENDANT SERVICETITAN (NEW JERSEY LAW)</u>

95.   Defendant re-asserts and re-incorporates its responses to Paragraphs 1 through 94 of Plaintiff's Complaint, as if fully set forth herein.

96.   Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 96 of Plaintiff's Complaint, and therefore, denies the same.

97.   Admitted.

98.   Admitted.   To the extent that Paragraph 98 references documents, the documents speak for themselves.

99.   Admitted.

100.   Denied.

101.   Denied.

102.   Denied.

103.   Denied.

104.   Denied.

## COUNT VI – BREACH OF THE DUTY OF LOYALTY CLAIM AGAINST DEFENDANT ADAMS (NEW JERSEY LAW)

105. Defendant re-asserts and re-incorporates its responses to Paragraphs 1 through 104 of Plaintiff's Complaint, as if fully set forth herein.

106. Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 106 of Plaintiff's Complaint, and therefore, denies the same.

107. Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 107 of Plaintiff's Complaint, and therefore, denies the same.

108. Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 108 of Plaintiff's Complaint, and therefore, denies the same.

109. Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 109 of Plaintiff's Complaint, and therefore, denies the same.

## COUNT VII – MISAPPROPRIATION OF CONFIDENTIAL INFORMATION AGAINST ALL DEFENDANTS (NEW JERSEY LAW)

110.   Defendant re-asserts and re-incorporates its responses to Paragraphs 1 through 109 of Plaintiff's Complaint, as if fully set forth herein.

111.   With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 111 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 111 of Plaintiff's Complaint, and therefore, denies the same.

112.   With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 112 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 112 of Plaintiff's Complaint, and therefore, denies the same.

113.   With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 113 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 113 of Plaintiff's Complaint, and therefore, denies the same.

114.   Denied.

115.   With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 115 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 115 of Plaintiff's Complaint, and therefore, denies the same.

116.   With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 116 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 116 of Plaintiff's Complaint, and therefore, denies the same.

## COUNT VIII – CONVERSION AGAINST ALL DEFENDANTS (NEW JERSEY LAW)

117.   Defendant re-asserts and re-incorporates its responses to Paragraphs 1 through 116 of Plaintiff's Complaint, as if fully set forth herein.

118.   Paragraph 118 constitutes a legal conclusion and as such, no response is required.

119.   With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 119 of Plaintiff's Complaint. Defendant lacks sufficient

information and knowledge to admit or deny the remaining allegations contained in Paragraph 119 of Plaintiff's Complaint, and therefore, denies the same.

120.  With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 120 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 120 of Plaintiff's Complaint, and therefore, denies the same.

## COUNT IX – TORTIOUS INTERFACE WITH PROSPECTIVE ECONOMIC GAIN AGAINST SERVICETITAN (NEW JERSEY LAW)

121.  Defendant re-asserts and re-incorporates its responses to Paragraphs 1 through 120 of Plaintiff's Complaint, as if fully set forth herein.

122.  Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 122 of Plaintiff's Complaint, and therefore, denies the same.

123.  Denied.

124.  With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 124 of Plaintiff's Complaint. Defendant lacks sufficient

information and knowledge to admit or deny the remaining allegations contained in Paragraph 124 of Plaintiff's Complaint, and therefore, denies the same.

## COUNT X – UNJUST ENRICHMENT AGAINST ALL DEFENDANTS (NEW JERSEY LAW)

125.    Defendant re-asserts and re-incorporates its responses to Paragraphs 1 through 124 of Plaintiff's Complaint, as if fully set forth herein.

126.    With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 126 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 126 of Plaintiff's Complaint, and therefore, denies the same.

127.    With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 126 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 126 of Plaintiff's Complaint, and therefore, denies the same.

128.   Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 128 of Plaintiff's Complaint, and therefore, denies the same.

129.   Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 129 of Plaintiff's Complaint, and therefore, denies the same.

130.   Denied.

131.   With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 131 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 131 of Plaintiff's Complaint, and therefore, denies the same.

132.   Denied.

## COUNT XI – CONSPIRACY AGAINST ALL DEFENDANTS (NEW JERSEY LAW)

133.   Defendant re-asserts and re-incorporates its responses to Paragraphs 1 through 132 of Plaintiff's Complaint, as if fully set forth herein.

134.   Denied.

135.   Denied.

136.   With regard to Defendant ServiceTitan, it denies the allegations in Paragraph 136 of Plaintiff's Complaint. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 136 of Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, including each Count thereof, fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not proximately caused by any act, error or omission of Defendant as a matter of law.

### THIRD AFFIRMATIVE DEFENSE

If any damages were sustained by Plaintiff as alleged in Plaintiff's Complaint, which damages are expressly denied, all such damages have been caused or were brought about, in whole or in part, by the affirmative wrongdoing, negligence, want of care, omissions, failure to mitigate damages, or other culpable conduct or comparative negligence of persons other than Defendant, without the affirmative acts of Defendant contributing thereto.

## FOURTH AFFIRMATIVE DEFENSE

No acts or omissions by Defendant were an actual cause, legal cause, contributing cause, substantial factor, or proximate cause with respect to the damages, if any, sustained by Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

The causes of action asserted against Defendant are precluded because the damages, if any, sustained by Plaintiff were solely and proximately caused by superseding causes and/or by independent intervening causes outside the control of the answering Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Defendant exercised due care and diligence in all of the matters alleged in the Complaint, and no act or omission by Defendant was the proximate cause of any damage, injury or loss to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant hereby reserves the right to supplement its affirmative defenses at any time prior to trial.

## RESERVATION OF RIGHTS

Defendant explicitly reserves the right to pursue bad faith fees under the Section 4 of the Uniform Trade Secrets Act, Section 1836(b)(3)(D) of

the Defend Trade Secrets Act, and Section 56:15-6 of the New Jersey Trade Secrets Act.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant hereby prays for the following relief from this Honorable Court:

1.   For Plaintiff's claims against it to be denied and dismissed with prejudice;

2.   For trial by full jury;

3.   For all costs and fees associated with this action to be taxed against Plaintiff; and

4.   For such other and further relief as this Honorable Court deems just and proper.

Dated this 18th day of December, 2020.

GORDON REES SCULLY
MANSUKHANI, LLP

/s/ *Chad A. Shultz*
Chad Shultz, Esq.
Georgia Bar No. 644440
Montoya Ho-Sang, Esq.
Georgia Bar No. 572105
55 Ivan Allen Jr. Blvd. N.W., Suite 750
Atlanta, GA 30308
Phone: 404-978-7325
cshultz@grsm.com
mhosang@grsm.com
*Counsel for ServiceTitan, Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that on December 18, 2020, I filed the foregoing **ANSWER TO COMPLAINT** by using this Court's electronic filing system which will automatically send notification of this filing to counsel of record.

    */s/ Chad A. Shultz*
Counsel for ServiceTitan, Inc.
